STATE OF MAINE
ANDROSCOGGIN, ss.

WILMINGTON SAVINGS FUND )
SOCIETY, FSB, D/B/A )
CHRISTIANA TRUST, NOT IN ITS )
INDIVIDUAL CAPACITY BUT )
SOLELY AS TRUSTEE FOR )
BROUGHAM FUND I TRUST, )
)
    Plaintiff )
)
v. )
)
MORTGAGE LENDERS NETWORK )
USA, INC., )
)
    Defendant )
)
and )
)
LEONARD M. CORTELLINO, )
PAULINE A. CORTELLINO, FIRST )
NATIONAL BANK OF OMAHA, )
NESS OIL COMPANY, and )
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC., AS )
NOMINEE FOR MORTGAGE )
LENDERS NETWORK USA, INC., )
)
    Parties-In-Interest. )

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-16-35

NOV 16 '17 PM3:45
ANDRO SUPERIOR COURT

ORDER ON PLAINTIFF'S MOTION
FOR DECLARATORY JUDGMENT

Before the Court is Plaintiff's motion for declaratory judgment in which Plaintiff requests a declaration that it is the owner of the subject mortgage. Defendant Mortgage Lenders Network USA, Inc. ("Mortgage Lenders") has not appeared in this action. Parties-in-interest Leonard and Pauline Cortellino ("the Cortellinos") have intervened to oppose this motion. A full evidentiary hearing was held on this matter.

I. Background

On June 20, 2006, the Cortellinos executed and delivered to Mortgage Lenders a note in the amount of $293,250.00. Following a series of endorsements, Plaintiff is the

current holder of the note. The note was secured by a mortgage on real property located at 1 Buttonwood Lane, Lewiston, ME 04240. The mortgage names Mortgage Lenders as the Lender and designates Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee of the Lender for purposes of recording the mortgage. On August 6, 2012, MERS purported to assign the mortgage to CitiMortgage, Inc. ("CitiMortgage"). On May 6, 2013, CitiMortgage assigned the mortgage to U.S. Bank National Association, as Trustee for Prof-2012-SI Holding Trust I ("U.S. Bank"). On December 23, 2014, U.S. Bank assigned the mortgage to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for the PrimeStar-H Fund I Trust ("Wilmington Savings"). Finally, on October 25, 2016, Wilmington Savings assigned the mortgage to Plaintiff.

III. Discussion

In 2014, the Law Court held that MERS, as nominee for a lender, had no right to assign a mortgage on behalf of that lender. *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 14-17, 96 A.3d 700. This left MERS' purported assignees unable to prove sufficient ownership interest in the mortgage to have standing to foreclose. *See id.* ¶ 22 n. 13 ("Standing requires that the plaintiff have a minimal legal interest in both the note and mortgage to seek a foreclosure, including ownership of the mortgage."). Presumably hoping to resolve a similar standing problem in advance of an action to foreclose, Plaintiff filed this action for declaratory judgment against Defendant. Conceding that the assignment from MERS was invalid under *Greenleaf*, Plaintiff seeks a declaration from this Court that it is nonetheless the owner of the mortgage.

The declaratory judgment requested in the case cannot be granted for a number of reasons. Initially, the Court questions whether a motion for declaratory judgment is appropriate without an underlying cause of action. The Declaratory Judgment Act "does not create a new cause of action; its purpose is to provide a more adequate and flexible

remedy in cases where jurisdiction already exists." *Hodgdon v. Campbell*, 411 A.2d 667, 669 (Me. 1980) (citations omitted); *see also Thompson v. Glidden*, 445 A.2d 676, 679 (Me. 1982). Thus, as a declaratory judgment is merely a remedy, and not a cause of action in and of itself, there is no cause of action in this case on which the Court can grant relief.

Additionally, even if a declaratory judgment is the proper vehicle to resolve Plaintiff's dilemma, courts can only decide cases where there is a real and substantial, justiciable controversy. *Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 16, 122 A.3d 947. The Declaratory Judgments Act empowers the court to declare rights, status and other legal relations when doing so will terminate the controversy or remove an uncertainty. 14 M.R.S. §§ 5953, 5957. Here, there is only tenuous evidence that any actual controversy exists. Although the Cortellinos have intervened and opposed this motion, Mortgage Lenders, the only named defendant, has not answered or otherwise appeared. Plaintiff alleges that Mortgage Lenders is unwilling or unable to execute a recordable instrument confirming its intent that MERS had the authority to transfer the full interest in the mortgage. However, the Court has no evidence, other than statements made by Plaintiff itself, to support this assertion. Accordingly, in the absence of an actual controversy, at least as to the named Defendant, the Court may refuse to enter a declaratory judgment. *See Fannie Mae v. America's Wholesale Lender*, No. RE-15-068, 2016 Me. Super. LEXIS 37, at *4 (Mar. 1, 2016).

The Court has further concerns as to whether all necessary parties have been properly joined and given notice of the action. "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding." 14 M.R.S. § 5963. A declaratory judgment in this case might also be a declaration as to the rights of CitiMortgage and U.S. Bank, yet these entities are not

parties to this action. *See id.; Fannie Mae,* 2016 Me. Super. LEXIS 141, at *2-3 (denying plaintiff's request for default judgment in declaratory judgment action in part because plaintiff had failed to join necessary parties); Horton & McGehee, *Maine Civil Remedies* § 3-3(d)(2) at 50 (4th ed. 2004) ("A declaration of rights may properly be refused when persons whose interests would be affected are not parties.").

Furthermore, the Maine Business Corporations Act provides a limitation on liability for a dissolved corporation after a certain period of time. *See* 13-C M.R.S. § 1408. If the dissolved corporation has liquidated or distributed its assets, a plaintiff may collect from shareholders of the corporation only to the extent of the assets distributed to the shareholders. 13-C M.R.S. § 1408(4). To the extent Plaintiff's action seeks a declaration that affects an asset disposed of in Mortgage Lender's dissolution, Plaintiff must join any shareholders who might ultimately be divested of that asset. *See* 13-C M.R.S. § 1408; 14 M.R.S. § 5963; M.R. Civ. P. 19(a); *Bank of Am., NA. v. Metro Mortg. Co.,* 2015 Me. Super. LEXIS 14, at *3-4 (Jan. 29, 2015).

Moreover, a declaratory judgment as to whether Plaintiff owns the mortgage would not necessarily remove any uncertainty as to ownership. If the Court were to determine that Plaintiff does not own the mortgage, CitiMortgage, U.S. Bank, and Mortgage Lenders, if it is still in business, would remain free to litigate ownership of the mortgage. *See Fannie Mae,* 2016 Me. Super. LEXIS 141, at *3-4.

Finally, Plaintiff contends it can overcome a MERS defect on the basis that a note holder has an equitable interest in the mortgage, citing *Jordan v. Cheney,* 74 ME 359, 361 (Me. 1883). Courts in Maine have been hesitant to accept this argument, as the Law Court has not yet determined the propriety of the *Jordan* approach to resolve a *Greenleaf* problem. *See U.S. Bank, N.A. v. First Magnus Fin. Corp.,* 2017 Me. Super. LEXIS 131, at *2 (May 24, 2017); *Bank of N.Y. Mellon v. First Magnus Fin. Corp.,* 2016 Me. Super. LEXIS 132,

at *3-5 (July 5, 2016). The Court agrees this is an issue to be resolved by the Law Court, and this Court will not now grant a declaratory judgment in Plaintiff's favor on this basis.

IV. <u>Conclusion</u>

For the foregoing reasons, Plaintiff's motion for declaratory judgment is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ___11/16/17___

MaryGay Kennedy, Justice
Maine Superior Court